## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WILLIAM FOSHEY, Sr., on behalf of himself and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs | ) ) | Civ. No. _____ |
| vs. | ) ) | |
| THE HOME DEPOT, INC., | ) ) | |
| Defendant. | ) ) ) | |

## NOTICE OF REMOVAL

Defendant Home Depot U.S.A., Inc.[1] by and through its undersigned

counsel, hereby remove this action from the Superior Court Department of Suffolk,

Massachusetts to this Court.  This action may be removed because this Court has

original jurisdiction over the complaint pursuant to 28 U.S.C. § 1332(d).  The

grounds for removal are more particularly stated as follows:

1.     On August 28, 2012, named plaintiff William Foshey, Sr. commenced

this action by filing a Class Action Complaint ("Complaint") with the Superior

Court entitled, *Willliam Foshey, Sr. on behalf of himself and all others similarly

situated, v. The Home Depot, Inc.*, Case No. 12-3227-BLS.

---

[1] The Home Depot, Inc. is incorrectly named.  The proper entity is Home Depot U.S.A., Inc.

2.     On September 13, 2012, named plaintiff William Foshey, Sr. filed a First Amended Class Action Complaint ("Amended Complaint"), eliminating in-store sales personnel from the purported class.

3.     True copies of the Complaint and the Amended Complaint are attached to this Notice as Exhibit A and Exhibit B, respectively, as required by 28 U.S.C. § 1446(a).  No further proceedings have occurred in the Superior Court.

4.     The Complaint is the initial pleading setting forth the claims on which this action is based.  Defendant was served with a copy of the Complaint on September 4, 2012.  Defendant's Notice of Removal is therefore timely because it is filed within 30 days of receipt of the Complaint.  *See* 28 U.S.C. § 1446(b).

5.     The United States District Court for the District of Massachusetts, Boston Division is the judicial district within which the state court action was filed by plaintiff.  In particular, the Superior Court Department of Suffolk, Massachusetts is located within the District of Massachusetts.  *See* 28 U.S.C. § 101.  Thus, venue is proper because the District of Massachusetts is the "district and division embracing the place where such action is pending."  *See* 28 U.S.C. § 1441(a).

6.     Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served on plaintiff and filed with the Superior Court Department of Suffolk.

A copy of the Notice of Filing Notice of Removal to be filed with the Superior

Court is attached as Exhibit C.

7.      In his Amended Complaint, plaintiff asserts claims under Mass. Gen.

Laws ch. 149 § 148B, and Mass. Gen. Laws ch. 151 §§ 1, 1A, 1B, and 19.  (*See*

Ex. B at 6-7, 10-11.)

8.      The gravamen of the Amended Complaint is that defendant allegedly

misclassified plaintiff and other members of a putative class as independent

contractors rather than employees, failed to provide plaintiff and others with

benefits offered to Home Depot employees, and failed to pay plaintiff and others

for all hours worked in violation of state wage and hour laws.  (*See* Ex. B.)

9.      This Court has original jurisdiction over this action under 28 U.S.C. §

and 1332(d), and it may be removed under 28 U.S.C. §§ 1441 and 1453 on the

following separate and independent grounds.

I.      REMOVAL IS PROPER BECAUSE THE COURT HAS ORIGINAL
        JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d)

10.     This Court has original jurisdiction over this action pursuant to the

Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  Removal of this case

is therefore proper pursuant to 28 U.S.C. §§ 1441(a) and 1453.

11.     Pursuant to CAFA, federal district courts have original jurisdiction

over a class action if (1) the proposed class contains at least 100 class members; (2)

the aggregate amount in controversy exceeds $5,000,000; and (3) there is diversity

of citizenship between at least one class member and at least one defendant.  *See*

28 U.S.C. § 1332(d).

12.     The proposed class contains at least 100 class members.  Plaintiff

purports to represent "All persons who installed products for Home Depot or

performed services for Home Depot in the Commonwealth of Massachusetts and

who were treated as independent contractors by Home Depot in violation of Mass.

Gen. Laws. Ch. 149 § 148B."  (Ex. B ¶ 29.)  The limitations period for plaintiff's

claims is three years.  *See* Mass. Gen. Laws ch. 149 § 150 (2012).  Within the

limitations period of three years prior to the filing of plaintiff's complaint, Home

Depot contracted with at least 132 service providers to perform installation

services for Home Depot in the Commonwealth of Massachusetts.

13.     The aggregate amount in controversy exceeds $5,000,000, exclusive

of costs and interest.  Plaintiff's Amended Complaint does not claim a specific

amount.  Plaintiff merely alleges that the amount in controversy exceeds the

$25,000 minimum required to bring an action in Massachusetts Superior Court.

(*See* Ex. B ¶ 12.)  Where the complaint does not specify the amount of claimed

damages, the amount in controversy requirement is satisfied if the claim "could

objectively have been viewed as worth" the jurisdictional minimum to "anyone

familiar with the applicable law."  *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214,

219-21 (D.N.H. 2004) (citations omitted); *see also, e.g.*, *Duchesne v. Am. Airlines,*

*Inc.*, 758 F.2d 27, 28 (1st Cir. 1985) (amount in controversy determined based on plaintiffs' allegations unless there is a "legal certainty" plaintiffs cannot claim the contested amount).  While defendant denies that plaintiff's claims have any merit or value, it avers that, based on the allegations in the complaint, the relief plaintiff seeks on behalf of the class exceeds $5,000,000.

14.    Among other relief, plaintiff seeks damages for the value of benefits defendant allegedly failed to provide him and the purported class members, and treble damages.  (*See* Ex. B ¶¶ 26, 27, 47.); *see* Mass. Gen. Laws ch. 149 § 150 (prevailing employee "shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits").  While plaintiff does not allege a specific amount of damages owed, he additionally asserts that he and the putative class members "have been damaged by Home Depot misclassifying them as independent contractors and not providing them with the benefits offered to other Home Depot employees and failing to pay them wages commensurate with being an employee." (Ex. B ¶ 43.)  Massachusetts' current minimum wage rate is $8.00 per hour.  *See* U.S. Dep't of Labor, MINIMUM WAGE LAWS IN THE STATES - JAN. 1, 2012, *Massachusetts Minimum Wage Rates*, http://www.dol.gov/whd/minwage/america.htm#Massachusetts.  According to the Bureau of Labor Statistics, the combined value of employer benefits is typically about 30 percent of an employee's total compensation.  *See* Press Release, Bureau

of Labor Statistics - U.S. Dep't of Labor, EMPLOYER COSTS FOR EMPLOYEE

COMPENSATION (Sept. 11, 2012) (http://www.bls.gov/news.release/pdf/ecec.pdf).

Taking as true plaintiff's allegation that he and the putative class members should

have been classified as employees and should have received wages "commensurate

with being an employee" under Massachusetts law, and assuming payment even at

just the minimum wage of $8.00 per hour for 40 hours worked per week and 52

weeks worked per year, each class member would have received annual

compensation of $16,640.  Thirty percent of $16,640 is $4,992 per year in

approximate value of benefits.  Based on the three-year limitations period, an

estimate of 132 individuals who worked as installers during this three-year period,

and trebling of damages, plaintiff seeks at least $5,930,496 in damages for benefits

on behalf of the class.[2]

15.    Given that plaintiff also will seek back pay for overtime wages, as

well as statutory attorney's fees and injunctive relief, both of which are properly

considered in assessing whether the jurisdictional requirements are met, there is

clearly $5,000,000 in controversy based on the allegations in the Amended

Complaint.  (*See* Ex. B ¶ 47 & Prayer.); *see, e.g., Mo. State Life Ins. Co. v. Jones*,

290 U.S. 199, 201-02 (1933) (attorney's fees considered element of "amount in

controversy" for purposes of removal); *Hunt v. Wash. State Apple Adver. Comm'n,*

---

[2] $4,992 x 3 (years) x 132 (putative class members) x 3 (treble damages) =
$5,930,496 in class damages for benefits.

432 U.S. 333, 347 (1977) (valuation or cost of injunctive relief considered element of "amount in controversy" for purposes of removal).

16.     Diversity of citizenship is also satisfied.  Under 28 U.S.C. § 1332(d), the diversity of citizenship requirement is satisfied if any member of the class of plaintiffs is a citizen of a state different from any defendant.  Plaintiff Foshey allegedly resides in Massachusetts.  (*See* Ex. B ¶ 9.)  Defendant Home Depot is not a citizen of the Commonwealth of Massachusetts.  "[A] corporation shall be deemed to be a citizen of every State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  Home Depot is organized and incorporated under the laws of the State of Delaware, and its principal place of business is Georgia, where Home Depot's corporate headquarters is located. *See Murgo v. Home Depot USA, Inc.*, 190 F. Supp. 2d 248, 249 (D. Mass. 2002) ("Home Depot is a Delaware corporation with its principal place of business in Georgia."); (*See* Ex. B ¶ 10.).

WHEREFORE, defendant, desiring to remove this action to the United States District Court for the District of Massachusetts, requests that the filing of this Notice of Removal shall effect the removal of that suit to this Court.

Dated: October 4, 2012

Respectfully submitted,

HOME DEPOT U.S.A., INC.

By Its Attorneys,

/s/ Robert P. Joy_____
Robert P. Joy (BBO# 254820)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109
(617) 523-6666
rpjoy@morganbrown.com

Joel M. Cohn (*pro hac vice forthcoming*)
Juliet E. Gray (*pro hac vice forthcoming*)
AKIN GUMP STRAUSS HAUER & FELD
LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564
(202) 887-4000
jcohn@akingump.com
jegray@akingump.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of October, 2012, a true and correct copy

of the foregoing was served via U.S. Mail on the following:

Block & Leviton LLP
Jeffrey C. Block
Scott A. Mays
155 Federal Street
Suite 1303
Boston, MA  02110


By: <u>/s/ Robert P. Joy</u>
Robert P. Joy