UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
WILLIAM FOSHEY, Sr., on behalf of      )
himself and all others similarly situated,     )
                                                    )
            Plaintiffs                               )
            Counterclaim Defendant,       )
                                                    )
       v.                                            )            Civil Action No. 12-11866-DJC
                                                    )
HOME DEPOT USA, INC.,                   )
                                                    )
            Defendant                              )
            Counterclaim Plaintiff             )
            Third-Party Plaintiff,              )
                                                    )
       v.                                            )
                                                    )
ENHANCED INTERIORS, INC.,             )
                                                    )
            Third-Party Defendant.          )
_____)

**REPORT AND RECOMMENDATION ON DEFENDANT'S**
**MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**
[Docket No. 18]

August 26, 2013

Boal, M.J.

         Plaintiff William Foshey, Sr. ("Foshey") brings this putative class-action suit alleging

that Home Depot misclassified him, and others similarly situated, as independent contractors,

instead of employees, in violation of M.G.L. ch. 149, § 148B.   Pursuant to the Federal

Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"), Home Depot has moved to compel arbitration and

stay proceedings in accordance with an arbitration clause in a Service Provider Agreement

("SPA") between the parties.  For the following reasons, this Court recommends[1] that the District Court grant Home Depot's motion.

I.    FACTUAL BACKGROUND

Home Depot is a Delaware corporation with its principal place of business in Atlanta, Georgia.  AC ¶ 10, Ans. ¶ 10.[2]  Home Depot is one of the nation's largest home improvement stores and conducts its business throughout the Commonwealth of Massachusetts and the United States.  AC ¶ 10, Ans. ¶ 10.  Home Depot hires independent contractors to perform installations for a variety of products such as kitchens, bathrooms, siding, windows, carpeting, and doors.  AC ¶ 4, Ans. ¶ 4.

Foshey is a resident of Massachusetts and is associated with the companies Enhanced Interiors Decor, Inc., and Enhanced Interiors, Inc. (collectively referred to as "Enhanced Interiors").  AC ¶ 9, Ans. ¶¶ 9, 16; see also Gray Decl. ¶ 2, Ex. B at 16.[3]  From 1997 through 2011, Foshey alleges that he worked for Home Depot, providing installation services to its customers who placed orders in stores located in Rockland, Massachusetts.  AC ¶ 9, Ans. ¶ 9.

In February 2008, Foshey, as the authorized representative of Enhanced Interiors Decor, Inc., signed a SPA with Home Depot.  Gray Decl. ¶ 2, Ex. A.  On June 23, 2009, Foshey, as the authorized representative of Enhanced Interiors, Inc., and individually, as a co-signor, executed

---

[1] On April 2, 2013, the District Court referred the instant motion to this Court for a report and recommendation.   Docket No. 30.

[2] "AC _" refers to Foshey's amended complaint.  Docket No. 8 at 36-47.  "Ans. _" refers to Home Depot's answer.  Docket No. 7.

[3] "Gray Decl. _" refers to the affidavit of Juliet E. Gray in support of Home Depot's motion.  Docket No. 20.

another SPA with Home Depot.[4]  Gray Decl. Ex. B.  The SPA[5] contains a provision entitled

"Relationship of the Parties" which describes Enhanced Interiors' role as "that of an independent

contractor."  Gray Decl. Ex. B ¶ 1.3.  In a section entitled "Dispute Resolution," the SPA

contains an arbitration provision, which states in pertinent part:

> Binding Arbitration. Regardless of any other provision in this SPA, all claims, disputes,
> or other matters in question between Service Provider and The Home Depot arising out
> of, or relating to, this SPA or the breach of it must be decided by binding arbitration if
> requested by The Home Depot. This arbitration will be conducted in Atlanta, Georgia, in
> accordance with the **Construction Industry Arbitration Rules of the American
> Arbitration Association**.

Gray Decl. Ex. B ¶ 16.4 (emphasis in original).  The SPA provides that the laws of Georgia

"govern and control this SPA, and any disputes arising out of or relating to it."  Id. at ¶ 16.1.

Foshey states that he signed the SPA because Home Depot told him that he needed to do

so if he wanted to continue to work for Home Depot.  Foshey Decl. ¶ 4.[6]  According to Foshey,

Home Depot did not afford him the opportunity to consult an attorney prior to signing the SPA

and did not provide him with a copy of the Construction Industry Arbitration Rules of the

American Arbitration Association.  Id. at ¶¶ 4, 7.  Because eighty percent of his business came

from Home Depot, he felt that he had no choice but to sign.  Id. at ¶ 5.

---

[4] Home Depot requested that Foshey sign a new SPA after he informed Home Depot that
he had changed the name of his company from Enhanced Interiors Decor, Inc. to Enhanced
Interiors, Inc.  Docket No. 19 at 3-4.

[5] Home Depot asserts that the terms of the February 2008 and June 2009 SPAs are
identical.  At oral argument, Foshey's counsel stated that the 2009 SPA is the operative
document for purposes of this case.  Unless otherwise indicated, the Court refers only to the
provisions in the June 2009 SPA.

[6] "Foshey Decl. _" refers to Foshey's affidavit in opposition to Home Depot's motion.
Docket No. 25.

II.     PROCEDURAL BACKGROUND

On August 28, 2012, Foshey commenced this action in state court alleging that Home Depot misclassified him, and others similarly situated, as independent contractors rather than employees.  Docket No. 8 at 15-30.  Foshey filed an amended complaint on September 13, 2012. Id. at 36-47.  By letter dated September 26, 2012, Home Depot notified Foshey that his claims were subject to arbitration under the SPA and that Home Depot intended to enforce the arbitration clause.  Gray Decl. ¶ 5, Ex. D.  Counsel for Foshey responded on October 3, 2012, stating that Foshey's claims were not subject to arbitration.  Gray Decl. ¶ 7, Ex. E.  The parties continued to exchange correspondence but could not resolve the matter.  See Gray Decl. ¶¶ 8-9, Exs. F, G.

On October 4, 2012, Home Depot removed the action to this Court.  Docket No. 1. Home Depot answered Foshey's amended complaint on October 11, 2012.  Docket Nos. 7.  On October 25, 2012, Home Depot filed a third-party complaint and counterclaim against Enhanced Interiors and Foshey, respectively.  Docket No. 11.

Home Depot moved to compel arbitration and stay this action on November 16, 2012. Docket No. 18.  Foshey filed his opposition on November 30, 2012.  Docket No. 24.   Home Depot filed a reply brief on April 2, 2013.  Docket No. 32.  This Court heard oral argument on August 19, 2013.

III.    LEGAL STANDARDS GOVERNING ARBITRATION

The "FAA compels judicial enforcement of . . . written arbitration agreements."  Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 111 (2001).  As the Supreme Court has observed, Congress passed the FAA "to overcome courts' refusals to enforce agreements to arbitrate." Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 270 (1995).  The FAA declares a national

policy favoring arbitration.  <u>Mastrobuono v. Shearson Lehman Hutton, Inc.</u>, 514 U.S. 52, 56

(1995).  In other words, the "FAA was designed to promote arbitration."  <u>AT&T Mobility, LLC</u>

<u>v. Concepcion</u>, __ U.S. __, 131 S. Ct. 1740, 1749 (2011).

    "[S]ection 2 [of the FAA] embodies the national policy favoring arbitration."  <u>Buckeye</u>

<u>Check Cashing, Inc. v. Cardegna</u>, 546 U.S. 440, 443 (2006).  Section 2 states that "a written

provision in any . . . contract . . . to settle by arbitration a controversy thereafter arising out of

such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at

law or in equity for the revocation of any contract."  9 U.S.C. § 2.   The final phrase of Section 2

permits arbitration agreements to be invalidated by generally applicable contract defenses, such

as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that

derive their meaning from the fact that an agreement to arbitrate is at issue.  <u>AT&T Mobility,</u>

<u>LLC</u>, 131 S. Ct. at 1746.

    Section 4 of the FAA provides that "[a] party aggrieved by the alleged failure, neglect, or

refusal of another to arbitrate under a written agreement for arbitration" may seek a court order

to compel the arbitration.  9 U.S.C. § 4.   A party seeking to compel arbitration must demonstrate

"that a valid agreement to arbitrate exists, that the movant is entitled to invoke the arbitration

clause,[7] that the other party is bound by that clause, and that the claim asserted comes within the

clause's scope."  <u>Soto-Fonalledas v. Ritz-Carlton San Juan Hotel Spa & Casino</u>, 640 F.3d 471,

474 (1st Cir. 2011) (quoting <u>Dialysis Access Ctr., LLC v. RMS Lifeline, Inc.</u>, 638 F.3d 367, 375

(1st Cir. 2011)).  If the movant has made this showing, Section 4 "requires courts to compel

---

      [7]  With respect to this component, courts have required a showing that the party seeking
to compel arbitration has not waived its right to do so.  <u>See</u> <u>Discipio v. Anacorp, Inc.</u>, 831 F.
Supp. 2d 392, 399 (D. Mass. 2011) (quoting <u>Combined Energies v. CCI, Inc.</u>, 514 F.3d 168, 171
(1st Cir. 2008)).  Here, Home Depot maintains (Opp. at 10-12), and Foshey does not contest, that
it has not waived its right to compel arbitration.   Accordingly, this Court finds that Home Depot
has not waived arbitration.

arbitration 'in accordance with the terms of the agreement.'" <u>AT&T Mobility</u>, 131 S. Ct. at 1748

(quoting 9 U.S.C. § 4).  A party resisting arbitration bears the burden of proving that the claims

at issue are unsuitable for arbitration.  <u>Green Tree Fin. Corp.-Ala. v. Randolph</u>, 531 U.S. 79, 91

(2000).

Section 3 of the FAA provides for a stay of district court proceedings under certain

situations:

> If any suit or proceeding be brought in any of the courts of the United States upon
> any issue referable to arbitration under an agreement in writing for such
> arbitration, the court in which such suit is pending, upon being satisfied that the
> issue involved in such suit or proceeding is referable to arbitration under such an
> agreement, shall on application of one of the parties stay the trial of the action
> until such arbitration has been had in accordance with the terms of the agreement,
> providing the applicant for the stay is not in default in proceeding with such
> arbitration.

9 U.S.C. § 3.  Section 3 is a remedy for a defendant desiring to compel a plaintiff to arbitrate:  it

provides for a stay of proceedings in federal court on an issue referable to arbitration pursuant to

a written arbitration agreement.  <u>See</u> <u>Prima Paint Corp. v. Flood & Conklin Mfg., Co.</u>, 388 U.S.

395, 400 (1967).  The FAA's stay-of-litigation provision is mandatory, and if issues in the case

are within reach of the arbitration agreement, the district court has no discretion to deny the stay.

<u>Gutierrez v. Academy Corp.</u>, 967 F. Supp. 945, 947 (S.D. Tex. 1997).

IV.    <u>ANALYSIS</u>

Home Depot has moved to compel arbitration and stay court proceedings.  Foshey

opposes Home Depot's motion on the grounds that (1) the SPA, and its arbitration clause, are

invalid; and (2) arbitration would prevent him from vindicating his rights under Massachusetts

statutory law.

A.  <u>Whether There Is A Valid Agreement To Arbitrate</u>

Home Depot maintains that all questions as to the SPA's validity are for the arbitrator, not the Court.  Mem. at 6; Rep. at 1.[8]  Foshey argues that no valid agreement exists because the SPA is both procedurally and substantively unconscionable.  Opp. at 3-4.[9]

 As a general rule, courts determine whether a valid agreement to arbitrate exists.  <u>See AT&T Techs., Inc. v. Commc'ns Workers</u>, 475 U.S. 643, 649 (1986).  The parties themselves, however, may agree to have the arbitrator determine whether there is a valid agreement to arbitrate.  <u>Awuah v. Coverall N. Am., Inc.</u>, 554 F.3d 7, 10 (1st Cir. 2009).  "[W]here the parties have themselves 'clearly and unmistakably agreed' that the arbitrator should decide whether an issue is arbitrable, the Supreme Court has held that this issue is to be decided by the arbitrator."  <u>Id.</u> (citing <u>Howsam v. Dean Witter Reynolds, Inc.</u>, 537 U.S. 79, 83 (2002)).

Here, the SPA provides that "all claims, disputes, or other matters in question … arising out of, or relating to, the SPA or the breach of it must be decided by binding arbitration if requested by The Home Depot."  Gray Decl. Ex. B ¶ 16.4.  The SPA further states that any arbitration "will be conducted … in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association."  <u>Id.</u>  Rule R-9(a) of those Rules provides that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement."  Gray Decl ¶ 11, Ex. I.

---

[8] "Mem. _" refers to Home Depot's memorandum of law in support of its motion. Docket No. 19.  "Rep. _" refers to Home Depot's reply brief.  Docket No. 32.

[9] "Opp. _" refers to Foshey's Opposition to Home Depot's motion.  Docket No. 24.

In ruling on this precise language, the First Circuit found the language to be "about as 'clear and unmistakable' as language can get" in showing that parties intended to submit issues of arbitrability to an arbitrator.  Awuah, 554 F.3d at 11; see also Visibility Corp. v. Schilling Robotics, LLC, No. 10-12280-JGD, 2011 WL 5075816, *4 (D. Mass. Oct. 25, 2011). Accordingly, this Court finds that the parties have agreed to submit all issues of arbitrability, including questions regarding the validity of the agreement, to an arbitrator.[10]

### B.  Whether The Arbitration Provision Encompasses All Of Foshey's Claims

Foshey contends that arbitration would prevent him from vindicating his statutory rights under M.G.L ch. 149, § 150.  Opp. at 13.  Specifically, he argues that arbitration would cause him to forego his rights: (1) to bring his claims under Massachusetts law; (2) to obtain treble damages and attorneys' fees; and (3) to bring his claims as part of a class action.  Id. at 13-16.  He maintains that such issues are questions of arbitrability for a court to decide.  Id. at 13. Home Depot responds that questions regarding the SPA's scope are for the arbitrator, and it agrees that Foshey may pursue his substantive claims in arbitration, and may seek treble damages and attorneys' fees.  Rep. at 2-5.  In the alternative, Home Depot argues that the subject provisions may be severed so as to allow arbitration to proceed without them.  See Rep. at 4.

#### 1.  *Questions Of Arbitrability*

The question whether the parties have submitted a particular dispute to arbitration, i.e., the "question of arbitrability," is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise.  Kristian v. Comcast Corp., 446 F.3d 25, 37-38 (1st Cir. 2006)

---

[10] This finding only affects the identity of the decision-maker with respect to Foshey's unconscionability claim.  It does not by itself foreclose Foshey's arguments before the arbitrator that the SPA is both procedurally and substantively unconscionable.  See Awuah, 554 F.3d at 12. It only determines that those issues are more properly argued before the arbitrator.

(citing Howsam, 537 U.S. at 83 (internal citations omitted)).  Where the parties have themselves "'clearly and unmistakably agreed' that the arbitrator should decide whether an issue is arbitrable," then the issue is to be decided by the arbitrator.  Awuah, 554 F.3d at 10 (citing Howsam, 537 U.S. at 83).  If the parties clearly did not agree to have an arbitrator decide the scope of the arbitration agreement, then the court must decide questions of arbitrability. Kristian, 446 F.3d 25 at 41.  Then, if a court determines that a question of arbitrability exists, the court must decide the merits of that assertion.  Id.  The merits means "the question of whether the particular challenge raised by Plaintiffs to the arbitration agreements is a valid defense to the demand for arbitration."  Id.

2.   *The Arbitrator Should Decide The Scope Of The Arbitration Clause*

Here, the SPA, through Rule R-9(a), provides that all questions as to its scope should be submitted to the arbitrator.  Gray Decl. ¶ 11, Ex. I.  Even if Foshey presents issues that normally rise to questions of arbitrability reserved for the courts, here, the parties have contractually agreed to submit these issues to the arbitrator.  However, "even in cases where parties have delegated the questions of arbitrability to the arbitrator, such a delegation is not unlimited." Visibility Corp., 2011 WL 5075816, at * 5.  "A dispute that plainly has nothing to do with the subject matter of an arbitration agreement . . . would not give the arbitrator the authority to decide the arbitrability of this wholly unrelated claim."  Id. (quoting Turi v. Main St. Adoption Servs., LLP, 633 F.3d 496, 507 (6th Cir. 2011).  The claim must be covered, at least arguably, by the agreement.  Id.

In determining whether claims fall under the scope of the arbitration clause, a court focuses on the factual allegations underlying the claims in the complaint.  World Gym, Inc. v. Pla-Fit Franchise, LLC, No. 12-11620-DJC, 2013 WL 3830164, *5 (D. Mass. July 19, 2013).

"Questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). "Ambiguities as to the scope of the arbitration clause itself [must be] resolved in favor of arbitration." Dialysis, 638 F.3d at 376 (internal quotations omitted).

Here, the arbitration clause provides for binding arbitration of "all claims, disputes, or other matters in question between [Foshey] and the Home Depot arising out of, or relating to, this SPA or the breach of it . . ." Gray Decl. ¶ 3, Ex. B ¶ 16.4.  This language is extremely broad. Issues arising from Foshey's employment classification clearly arise under the broad scope of the SPA's arbitration clause as a result of the SPA's provision entitled "Relationship of the Parties," which describes Enhanced Interiors' role as "that of an independent contractor." Gray Decl. Ex. B ¶ 1.3.  Foshey's claims are not only "arguably covered" by the agreement, but fall squarely within the scope of the agreement.  Accordingly, this Court finds that the issue as to whether the arbitration provision encompasses all of Foshey's claims should be decided by the arbitrator.

               3.   *Even If The Court Decides The Scope Of The Arbitration Clause, Foshey's Arguments Do Not Defeat Home Depot's Motion*

Foshey attempts to raise four questions of arbitrability.  Should the District Court determine that it should decide these questions, this Court recommends that it still grant Home Depot's motion.

               a.   Massachusetts Statutory Claims

Foshey argues that arbitration will force him to forego his Massachusetts statutory claims because Georgia law, which governs the SPA, does not have the same or similar misclassification law.  Opp. at 14.  Foshey relies specifically on the SPA provision that states "[t]he laws of the State of Georgia govern and control this SPA, and any disputes arising out of or relating to it." Gray Decl. Ex. B ¶ 16.1.

There is no doubt "that statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991).  However, "[b]y agreeing to arbitrate a statutory claim, a party does not forego the substantive rights afforded by the statute; it only submits their resolution in an arbitral, rather than a judicial, forum." Id. (quoting Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc., 473 U.S. 614, 628 (1985)).  In the same vein, "so long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum, the statute will continue to serve both its remedial and deterrent function." Id. at 28 (citing Mitsubishi, 473 U.S. at 637). If there is any ambiguity regarding whether the arbitration would interfere with statutory rights, that issue is for the arbitrator.  Kristian, 446 F.3d at 45; Soto-Fonalledes, 640 F.3d at 476-77.

Here, the SPA and the Massachusetts Wage Act appear to be in direct conflict, thereby potentially raising a question of arbitrability.  However, Home Depot has agreed that Foshey may pursue his statutory claims at arbitration.  Such concession would appear to resolve the conflict, thereby presenting no question of arbitrability for the Court to decide.  To the extent that Home Depot's concession does not resolve the conflict, then the Court may resolve the issue by severing the choice of law provision.  Kristian, 446 F.3d at 53.

Any "conflict between the statute and the arbitration agreement precludes enforcement of the agreement only if the problematic provision cannot be severed from it." Anderson v. Comcast Corp., 500 F.3d 66, 77 (1st Cir. 2007) (citing Kristian, 446 F.3d at 48).  As in Anderson, the SPA contains a severability clause, which provides that "[t]he invalidity or unenforceability of any provision of this SPA does not impair the validity or enforceability of any other provision." Gray Decl. Ex. B ¶ 17.7.  This provision would allow the Court to sever any conflicting sections of the SPA while preserving the viability of the arbitral forum.

Here, in the face of the federal policy favoring arbitration, this Court recommends that, to the extent necessary, the District Court sever the choice of law provision in order to maintain the vitality of the arbitration clause.

b.   Treble Damages

Foshey argues that arbitration will limit improperly his recovery of treble damages under the Massachusetts Wage Act.  Opp. at 16.  Section 150 provides, in pertinent part, that "an employee so aggrieved who prevails in [an action under Section 148B] shall be awarded treble damages … and shall also be awarded the costs of the litigation and reasonable attorneys' fees. M.G.L. ch. 149, § 150.   The SPA limits the parties only to those damages "actually incurred." Gray Decl. Ex. B ¶ 12.1.  The SPA and Section 150 are therefore in direct conflict, which presents a potential question of arbitrability.

At oral argument, Home Depot acknowledged the conflict.[11]  Home Depot has agreed, however, that Foshey could pursue a claim for treble damages at arbitration.  Rep. at 4.  As a result, the Court finds that there is no conflict in fact with respect to Foshey's pursuit of treble damages and therefore no question of arbitrability.  To the extent Home Depot's concession does not resolve the issue of arbitrability, the District Court may sever the damages provision to preserve the viability of the arbitral forum.

c.   Attorneys' Fees

Foshey argues that arbitration will adversely affect his ability to recover attorneys' fees. Opp. at 16.  With respect to attorneys' fees, there is neither conflict nor ambiguity between the SPA and Massachusetts law.  The SPA provides that Home Depot must pay a prevailing

---

[11] In its Reply Brief, Home Depot stated that "[i]n sum, there is no direct conflict between the SPA and the statute regarding remedies."  Rep. at 4.

plaintiff's attorneys fees "to the extent required by law."  Gray Decl. Ex. B ¶ 16.5.  Because

Section 150 requires that a prevailing plaintiff "be awarded … reasonable attorneys' fees," the

SPA is in accord with Section 150's fee-shifting provision.  Accordingly, there is no question of

arbitrability on this point.

### d.   Class Action Claims

Foshey argues that arbitration will preclude him from pursuing class action claims.  Opp.

at 14.  He further argues that this Court should decide whether class arbitration is available to

him.  See id. at 13.  However, the First Circuit has repeatedly held that courts should not decide

this issue in cases, such as the one here, where there is no express provision regarding class

arbitration.  In Skirchak, the First Circuit explained:

> the Supreme Court's decision in Green Tree Financial Corp. v. Bazzle, 539 U.S.
> 444, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003), made clear that when claims are
> submitted to arbitration, the question of whether class arbitration is forbidden is
> not a question of arbitrability, but initially a question of contract interpretation
> and should be decided in the first instance by an arbitrator.  Id. at 447, 123 S.Ct.
> 2402 (plurality opinion); see also id. at 455 (Stevens, J., concurring in the
> judgment and dissenting in part) (noting that the question "[a]rguably ... should
> have been made in the first instance by the arbitrator").  "[T]he question is not
> whether the parties wanted a judge or an arbitrator to decide whether they agreed
> to arbitrate a matter.  Rather the relevant question here is what kind of arbitration
> proceeding the parties agreed to."  Id. at 452, 123 S.Ct. 2402 (plurality opinion)
> (internal citations omitted).

Skirchak v. Dynamics Research Corp., 508 F.3d 49, 56 (1st Cir. 2007) (emphasis in original);

accord  Fantastic Sams Franchise Corp. v. FSRO Ass'n Ltd., 683 F.3d 18, 20 (1st Cir. 2012)

(leaving to arbitrators the issue of whether class arbitration is appropriate where agreements

contained no express prohibition on class or collective arbitration).

Foshey relies on Kristian to argue that the Court should decide this issue.  Opp. at 15-16.

In Kristian, however, the agreement expressly barred class arbitration, and as a result, conflicted

with the statute at issue, presenting a question of arbitrability.  Kristian, 446 F.3d at 54.

13

Here, Section 150 does allow an aggrieved employee to file suit "in his own name and on his own behalf, or for himself and for others similarly situated."  M.G.L. ch. 149, § 150.  The SPA contains no provision either permitting or forbidding class action arbitration.  There is, therefore, no conflict between Section 150 and the SPA.  Accordingly, this Court finds that there is no question of arbitrability on this issue and recommends that an arbitrator determine the class action question in the first instance.

V.      RECOMMENDATION

For the foregoing reasons, this Court recommends that the District Court grant Home Depot's motion to compel arbitration and stay proceedings.

VI.      REVIEW BY DISTRICT COURT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital,199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge